IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELISA SOREM,

                Plaintiff,

v.                                                  ORDER

NANCY A. BERRYHILL,                            16-cv-637-jdp
Acting Commissioner of Social Security,

                Defendant.

---

Based on the parties' joint motion, the court reversed and remanded the Commissioner's decision denying plaintiff Elisa Sorem's application for disability benefits and supplemental security income. Dkt. 11. The court awarded plaintiff's attorney, Dana Duncan, fees in the amount of $4,572.55 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 20.

On remand, Sorem obtained a favorable decision and an award of benefits from the commissioner. The commissioner reserved $13,978 of the award for attorney fees, which represents 25 percent of past-due benefits.[1] Dkt. 22-2. And Duncan says the agency granted his petition for $6,000 in fees for his time spent handling administrative proceedings.

Duncan now moves for a representative fee award of $3,405.45 pursuant to 42 U.S.C. § 406(b). Dkt. 22. This represents the $7,978 that the commissioner continues to withhold, offset by the previous award of $4,572.55 in EAJA fees. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (When an attorney receives fees for the same work under both § 406(b) and the

---

[1] Duncan erroneously states that the commissioner withheld $13,798, Dkt. 22, at 2 and Dkt. 23, at 2, but his math and the final award requested reflect the correct amount.

EAJA, the attorney must return the smaller fee to plaintiff). Plaintiff signed a contingent fee contract and agreed to pay her attorney 25 percent of any back benefits awarded, Dkt. 22-1, and the commissioner does not oppose the award. Dkt. 27.

Section 406(b) allows the court to award a prevailing plaintiff's attorney a reasonable fee of no greater than 25 percent of past-due benefits, *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). But plaintiff's attorney must demonstrate that within the 25 percent cap, the requested fee is reasonable. *Id.* at 807, 809; *see also McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989) ("A court may award a fee up to that provided in the contract so long as the court has reviewed its reasonableness."). When evaluating a representative fee for reasonableness, "the court may consider the character of the representation and the results obtained, reducing an award if . . . the fee is so large in comparison to the amount of time counsel spent on the case such that the fee would constitute a windfall to the attorney." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (citing *Gisbrecht*, 535 U.S. at 808). "In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases." *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) (citing *McGuire*, 873 F.2d at 979, 983).

The court concludes that Duncan's request is reasonable. Duncan filed and briefed a successful motion for summary judgment. And Duncan ultimately obtained a favorable result for Ms. Sorem. He represents that his team spent 36.25 hours litigating before this court (12.10 hours in attorney time, 24.15 hours in paralegal time). Dkt. 22-3. For attorney time alone, the contingency fee is equivalent to an hourly compensation rate of approximately $659.34 per hour ($7,978 for 12.10 hours of work). But it is appropriate in assessing a reasonable fee to

consider paralegal time as well. *Richlin Sec'y Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (reasonable attorney fees under Equal Access to Justice Act includes paralegal time); *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) (reasonable attorney fees under 42 U.S.C. § 1988 includes paralegal time). If Duncan's paralegal time is included at the rate he suggests ($125 an hour), the equivalent rate for attorney time is $409.86 per hour.

The equivalent rate Duncan requests is on the high side, but it is within the rates approved by this court in other cases. *E.g., Palmer v. Berryhill*, No. 16-cv-681, 2018 WL 2248422, at *1 (W.D. Wis. May 16, 2018) (approving effective rate of $614 an hour); *Stemper v. Astrue*, No. 04-cv-838, 2008 WL 2810589, at *1 (W.D. Wis. July 14, 2008) (approving effective rate of $666 an hour). And contingent fee agreements often reflect larger hourly rates; contingent fee agreements account for the attorney's risk of non-recovery, and awarding the fee consistent with the parties' agreement incentivizes attorneys to represent social security claimants. "If courts regularly invalidated reasonable contingency agreements in favor of a lodestar fee, then attorneys would no longer enter into such agreements." *McGuire*, 873 F.2d at 980. For these reasons, district courts across the country have awarded representative fees that reflect varying hourly rates, including $446, $625, $636, and $1,500. *Koester*, 482 F. Supp. 2d at 1083 (collecting cases).

In light of Duncan's experience, the result he obtained, the risk he incurred, and the amounts awarded in similar cases, the court concludes that the requested fee is reasonable.

ORDER

IT IS ORDERED that Dana Duncan's motion for $3,405.45 in attorney fees under 42 U.S.C. § 406(b), Dkt. 23, is GRANTED.

Entered March 5, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge